McCay, J.
1. Where there is in fact a sale or mortgage of property, by one man to another, and, by a mistake in the execution of the conveyance, the true intention or contract of the parties, is not expressed, it is a common and very ancient jurisdiction of Courts of Equity to correct the mistake, to cause the instrument to speak the facts, and to put the parties, as to each other, in the true position in which they thought they had placed themselves. Nor is this relief confined to the original parties, but will be extended, both for and against their privies, in estate and in law.: 1 Ves., 314; 8 Wheat, 211; Hayne’s Outlines of Equity, 132 and 133; 1 Ves., 514; 3 Atk., 188; Rev. Code, sec. 3050. This is the general rule, but the Court will not, to cure one wrong, do another, and if the right of a bona fide purchaser, without notice, will be interfered with by the correction of the mistake, the relief will not be granted: Robert’s Equity, 73; 1 Story on E., sec. 108; Rev. Code, sec. 3064.
A bona fide purchaser, without notice, is the only exception to the rule. It extends to the parties and all privies, in estate and in law, with that single exception: Irwin’s Rev. Code, sec. 3064.
A judgment creditor is undoubtedly a privy. His only right to any interference, turns in his connection with one of the parties. He claims under him, and as a general rule has only such rights as belong to the debtor. His lien is on the property of the debtor, such property as really belongs to him, an<J not to such as he only seems to have. He can pursue his rights, in spite of mere nominal titles in other parties. He can go beneath the surface and subject to his debt, in *539 equity, even the equitable rights of his debtor. But he may also be met by equities of other persons. For whilst it is the. policy of the law to subject fully the assets of a debtor to the discharge of his debts, it is not the policy of the law to do this with property that only nominally belongs to him, its real equitable ownership resting in others.
A bona fich purchaser is protected, because his purchase is upon the faith of the apparent rights of the seller. He has acted, paid out his money, upon the apparent facts of the case, as the parties have allowed them to exist. It is their fault if the papers do not speak the truth, and it is unjust that their mistake should be cured to his injury, who has been misled by their failure to attend carefully to their own business. ■ A judgment creditor does not stand in this position. Sis lien does not exist by contract. He did not advance his money to get his lien. That is an incident attached by law to his judgment. By the contract he acquired no lien. It cannot, therefore, be said that the right he now sets up is the right of a purchaser of property acquired in good faith, in ignorance of this mistake, for a consideration which he w'ould not have advanced had the mistake never occurred. It may, it is true, be said that perhaps he would not have given the credit had the true state of the case been put in the mortgage. That may be true, but he got no lien at all by his original contract, and the setting up of the rights of the mortgagee, does not take away any right which this creditor acquired by his contract. His right in this specific property comes from his judgment, the law gives it to him, to-wit: alien on the property of the defendant. Not, as we have said, upon property to which the defendant has simply the legal title; his lien is good, as a general rule, upon property to which the defendant has a clear equitable title, and it does not extend to property, when the equitable title is in a third person, though the legal title may be in the defendant.
In other words, the law subjects to a judgment all property that is really the property of the debtor, but if the equitable title be in a third person, the general rule is that the creditor cannot follow it, even though the legal title be *540 in the debtor, unless there be some specific right acquired in the property, by the creditor, under his contract, made in ignorance of the equitable right of the third person. In such a case he stands upon the footing of a purchaser, and has the rights of one.
But a judgment creditor is not a purchaser of his lien. He did not get it by his contract. He did not advance his money to get it. He got, by the contract, no interest in the property : 1 Story on Equity, section 410, note. See, also, 1 Story on Equity, section 416 ; Brace vs. Duchess of Marlborough; 2d Peere Williams 491; Anon. 2d Ves. Jr., 662. His lien depends upon and dates from his judgment, and that gives him, not any specific right in any specific property, but a general lien on. all property, in fact belonging to the defendant.
2. It is contended, however, that our Code, section 1947, which requires mortgages tó be recorded in a specified time and manner, and which declares that the lien of mortgages not so recorded, or recorded improperly, shall yield to liens created by operation of law, or to bona fide purchasers, without notice, is inconsistent with the rule thus laid down, and being a statutory regulation, repeals it. It will be noticed that this is not a general rule applicable to all equities which may exist, in opposition to the apparent rights as they appear upon the record. Ordinary equities, existing in third parties, are not by this Act provided for. Nor will it be contended that as a general rule, liens of judgments are good against all equities. This Act provides for the single case of an unrecorded, or defectively recorded, mortgage. In such cases, it is provided that a lien, cast by operation of law, shall be preferred to the mortgage, even though the creditor had notice. This is perhaps the effect of the statute.
The law makes it the duty of a mortgagee to record his mortgage, and if he fails, it puts the penalty upon him that, as to such liens as are east upon the property by operation of law, he shall be postponed. If the mortgagee has failed to record, it is a piece of gross negligence, which he ought to suffer for. If the record is defective, if the Clerk is at fault, *541 the mortgagee has his remedy against him. At any rate it is the positive provision of the statute, that a failure to record or a defective record, is not good against a judgment. Notice has nothing to do with it, since the judgment was not taken because there was no notice. It is simply a regulation of law, providing for the priority of one lien over another, under certain prescribed and definite circumstances. But it extends only to the case mentioned in the statute, to-wit: the case of an unrecorded or defectively recorded, mortgage. It does not extend to equitable rights generally. They still stand upon the footing that they are good against the parties and their privies, except only in the case of a bona fide purchaser, without notice.
We are not prepared, therefore, to extend this provision of the Code further than its terms require, to-wit: when the parties have failed to have their mortgage recorded, as the statute requires, a judgment, obtained before the recording, shall have priority.
Other equitable rights which one party has in the property of another, stand, as to judgments, on the same footing as they did at common law. The rights to have a plain mistake corrected, is a well settled right, and it extends by express words of the Code to parties and privies, and to this there is no exception, save the case of a bona fide purchaser, without notice, that is one who without notice of the equity, acquires aright in the property, by the advance of his consideration.
3. The judgment of a Chancellor below, refusing to dissolve an injunction, will not be disturbed by this Court, except in a clear case of manifest injustice.
Judgment affirmed.